UNITED STATES, Appellee

v.

Caleb P. HOHMAN, Sergeant
U.S. Marine Corps, Appellant

No. 11-6004

Crim. App. No. 201000563

United States Court of Appeals for the Armed Forces

Argued May 18, 2011

Decided May 31, 2011


PER CURIAM

Counsel


For Appellant:  Lieutenant Michael R. Torrisi, JAGC, USN
(argued).


For Appellee:  Lieutenant Kevin D. Shea, JAGC, USN (argued);
Colonel Louis J. Puleo, USMC, and Brian K. Keller, Esq.



Military Judge:  Thomas J. Sanzi


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Hohman, No. 11-6004/MC

PER CURIAM:

The present case involves a government appeal of an interlocutory ruling by the military judge abating the proceedings in the court-martial of Sergeant Caleb P. Hohman. See Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 (2006). The pending charges include violation of a lawful general order, dereliction of duty, and involuntary manslaughter in violation of Articles 92 and 119, UCMJ, 10 U.S.C. §§ 892, 919 (2006). The primary issue on appeal concerns the status of Captain (Capt) Robert F. Muth, United States Marine Corps Reserve, as detailed military defense counsel under Articles 27 and 38(b)(3)(A), UCMJ, 10 U.S.C. §§ 827, 838(b)(3)(A)(2006).[1]

I.

On March 19, 2008, the convening authority referred charges against Appellant for trial by general court-martial. Throughout the ensuing proceedings, Mr. Joseph Low has represented Appellant as civilian defense counsel. After a series of detailed defense counsel had been detailed to the case and released by Appellant, the Marine Corps assigned Capt Muth

---

[1] See 70 M.J. 37 (C.A.A.F. 2011) (order granting petition for review).

2

on April 17, 2009, to serve as Appellant's detailed military defense counsel.

Capt Muth, who faced separation from active duty on October 1, 2009, submitted two administrative requests for extension of active duty in order to continue his representation of Appellant.  The administrative authorities granted an extension until December 1, 2009, but denied any further extension.  Capt Muth left active duty on December 1, 2009.  Two days later, on December 3, the Marine Corps assigned Capt L. T. Kunce to serve as detailed military defense counsel.

Prior to his December 1, 2009, departure from active duty and from his duties as detailed military defense counsel:  (1) Capt Muth did not seek the permission of the military judge to withdraw from representation in the ongoing trial as required by the applicable rules, see Dep't of the Navy, Judge Advocate General Instr. 5803.1.C, para. 16e(2) (Nov. 4, 2004); (2) the defense team did not bring to the attention of the military judge the details of Capt Muth's request to remain on active duty or the actions taken by administrative authorities in response to that request; and (3) the defense team did not move for relief in the form of a motion requesting that Capt Muth remain a part of the defense team.[2]

---

[2] The record reflects that on November 16, 2009, prior to the termination of Capt Muth's active service, the military judge

On September 15, 2010, over nine months after Capt Muth's termination of active service, the military judge concluded that the Marine Corps erroneously had severed the attorney-client relationship without good cause, and that the appropriate remedy required abatement of the proceedings pending restoration of Capt Muth as detailed defense counsel.  The Government filed an interlocutory appeal, and the United States Navy-Marine Corps Court of Criminal Appeals set aside the abatement order.  No. NMCCA 201000563, 2011 CCA LEXIS 14, at *10, 2011 WL 311041, at *4 (N-M. Ct. Crim. App. Jan. 31, 2011) (unpublished).  The defense has asked this Court to reverse the decision of the court below.

II.

The military judge erred in this case by not taking appropriate action to address this matter prior to Capt Muth's departure from active duty on December 1, 2009.  The Rules for

---

indicated that he was aware of Capt Muth's impending departure from active duty.  The military judge stated that he wished to discuss the matter with Appellant, but civilian defense counsel interjected, requesting more time to discuss the matter with the accused.  The military judge granted this request and stated that he would revisit the issue at a later hearing.  The military judge, however, did not revisit the issue prior to the departure of Capt Muth from active duty on December 1, 2009, and his replacement by Capt Kunce on December 3, 2009.  There was no further discussion on the record regarding Capt Muth's departure until April 6, 2010, four months after his departure from active service.

Courts-Martial (R.C.M.) provide specific options for severance of the attorney-client relationship under R.C.M. 505(d)(2)(B) and 506(c).  United States v. Hutchins, 69 M.J. 282, 289 (C.A.A.F. 2011).  Among those options, "defense counsel may be excused 'by the military judge upon application for withdrawal by the defense counsel for good cause shown.'"  Id. at 290 (quoting R.C.M. 506(c)).  Where the parties have indicated that a defense member has been excused under R.C.M. 505(d)(2)(B), "the military judge must ensure under R.C.M. 813(c) that:  (1) the record demonstrates that a competent detailing authority has determined that good cause exists for excusing counsel; and (2) that the record sets forth the basis for the good cause determination."  Id. at 291.  In the present case, the military judge failed to place any of the approved reasons for severing the attorney-client relationship on the record prior to the departure of Capt Muth from active duty.  We test such an error for prejudice.  Id. at 292.

We clarified in Hutchins that "[a]lthough separation from active duty normally terminates representation, highly contextual circumstances may warrant an exception from this general guidance in a particular case."  Id. at 290-91.  In this case, Appellant has not demonstrated any circumstances that would warrant an exception from the general guidance.  Moreover, under the specific circumstances of this case, including the

5

responsibilities of Capt Muth in relation to the defense team, Appellant has not established that the assignment of Capt Kunce as detailed military defense counsel on December 3, 2009, was insufficient to remedy the procedural error in the severance of Capt Muth's status as detailed military defense counsel on December 1, 2009.

Accordingly, the judgment of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed. The case is remanded to the Judge Advocate General of the Navy who shall return the case to the military judge for further proceedings consistent with this opinion.